McCann, Trustee, *v.* The First National Bank.

*gansport,* 76 Ind. 549 ; *Platter* v. *Board, etc.,* 103 Ind. 360 ; *City of Logansport* v. *La Rose,* 99 Ind. 117 ; *Padgett* v. *State,* 93 Ind. 396.

Judgment affirmed.

Filed April 2, 1892.

---

No. 15,300.

## McCann, Trustee, *v.* The First National Bank.

NATIONAL BANKS—*Assets Held in Trust.*—*For What Purpose.*—The assets of a bank are held in trust: 1. For the payment of its indebtedness. 2. For the distribution among the stockholders of the surplus only, if any, after the payment of such indebtedness.

SAME.—*Withdrawal of Assets*—*When Can Not be Done.*—There can be no voluntary withdrawal of any portion of the assets of a bank, where the effect of such withdrawal will be to impair the capital stock, or endanger the security of its creditors. Where the capital stock of a bank is reduced to meet an impairment, and to escape an assessment by the controller of the currency, there can be no withdrawal of depreciated securities which caused the impairment.

From the Clark Circuit Court.

*D. W. Sanders, F. B. Burke, F. T. Fox* and *L. T. Michener,* for appellant.

*J. K. Marsh, A. P. Humphrey* and *G. M. Davie,* for appellee.

McBRIDE, J.—This case grows out of the transaction which was very fully considered by this court in *McCann* v. *First Nat'l Bank,* 112 Ind. 354.

The capital stock of the First National Bank of Jeffersonville was originally $300,000. The borrower of a large amount of money became insolvent, and certain collaterals

held to secure the loan also became apparently worthless. To avoid an assessment by the comptroller of the currency to make good an impairment of the capital stock, thereby occasioned, to the amount of $75,000, the stockholders of the bank, acting under the provisions of section 5143, United States Revised Statutes of 1878, reduced the capital stock to $225,000.

At the meeting where this action was taken the stockholders voted to take the depreciated assets, which were the cause of the impairment, from the assets of the bank, and place them in the hands of trustees, for the use and benefit of the stockholders.

The appellant was named as one of the trustees.

The officers of the bank ignored this action by the stockholders, and retained the securities in question in their possession. They subsequently appreciated in value, and the bank realized on them $83,000.

This suit was by the appellant, as such trustee, to recover said sum.

The averments of the complaint are sufficient, if the trust which the stockholders thus attempted to create was valid.

The conclusions reached in *McCann* v. *First Nat'l Bank*, *supra*, are, we think, decisive here. The very full consideration given that case enables us to dispose, briefly, of the case at bar.

It must be remembered that the reduction in the capital stock of the bank was, in a sense, involuntary, and was to meet an impairment of equal amount. It must be presumed that the comptroller of the currency, in estimating and determining the amount of the impairment, considered all of the assets of the bank, and that his estimate was based upon what there appeared to be their value, making proper allowance for assets depreciated in value, and for those regarded as valueless.

The assets of a bank are held by it in trust: 1. For the payment of its indebtedness, and, 2. For the distribution

among the stockholders of the surplus only, if any, remaining. Morse Banks and Banking, section 706.

Conceding, without deciding, that the stockholders of a national bank, the capital stock of which is intact, may voluntarily reduce its capital stock under the statute, for the purpose of withdrawing a portion of the investment, and may thereupon withdraw assets to an amount equalling the reduction, the question remains, can they take such action when the reduction is involuntary, and is only made to an amount equalling an impairment in its capital? The right to withdraw assets, in the one case, would not necessarily involve the right to do so in the other. In the one case the reduction in the amount of its stock is made for the purpose of releasing and withdrawing a portion of the investment. In the other it is made because it is discovered that a corresponding amount of the investment has been lost, and thus already involuntarily withdrawn.

There can be no voluntary withdrawal of any portion of the assets of a bank, where the effect of such withdrawal will be to impair the capital stock, or endanger the security of its creditors.

On the facts before us it will be presumed that the reduced capital stock represented the actual value of the remaining assets. *Prima facie*, any further withdrawal of assets, whether of great or of little value, would result in still further impairment of the capital. In our opinion the stockholders had no power to withdraw the assets in question, and no valid trust was created by the attempt to do so.

We purposely limit our decision to this one question, which is, of itself, amply sufficient to vindicate the action of the trial court. For this reason we express no opinion upon the other questions suggested.

Judgment affirmed.

Filed April 5, 1892.